UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALBERT WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 2:09-CV-1517-SLB |
| | ) |
| **KAMTEK, INC.; OGIHARA AMERICA CORPORATION,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This case is before the court on Motion to Dismiss filed by defendant Ogihara America Corporation. (Doc. 5.)[1] Because Ogihara relies on evidence outside the pleadings, the court informed the parties that it would consider the Motion to Dismiss to be a Motion for Summary Judgment. (Doc. 6 [citing Fed. R. Civ. P. 12(d)].)

Plaintiff, Albert Williams, has sued his former employers, defendants Ogihara America Corporation and Kamtek, Inc., alleging that they discriminated against him on the basis of his race. Ogihara contends that Williams's Title VII claim against it is due to be dismissed on the ground that he failed to name Ogihara as a Respondent in his EEOC charge. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that Ogihara's Motion to Dismiss, which the court has converted to a Motion for Summary Judgment, (doc. 5), is due to be granted.

___

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

## I. **SUMMARY JUDGMENT STANDARD**

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in its favor. *See id.* at 255. Nevertheless, the non-moving party "need not be given the benefit of every inference but only of every reasonable inference." *Graham v. State Farm Mut. Ins. Co.*, 193

F.3d 1274, 1282 (11th Cir. 1999)(citing *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988))(emphasis added).

## II. STATEMENT OF FACTS

Williams, a black male, began working for Ogihara in 2003. (Doc. 1 ¶ 9.) Sometime in 2008, Ogihara sold its plant in Birmingham, Alabama, where Williams worked, to Kamtek. (*Id*. ¶¶ 8, 9) Williams alleges that Ogihara was required to enter into a severance agreement with him, which it failed to do. (*Id*. ¶ 11.)

Kamtek agreed to retain Ogihara's managers "after the sale of the plant if the manager/employee was competent at his position." (*Id*. ¶ 20.) Williams alleges that, despite his competency, Kamtek terminated him and another black manager[2] on August 24, 2008. (*Id*. ¶¶ 9, 15, 20.)

Williams filed his Complaint in this court on July 29, 2009. (Doc. 1 at 1.) In his Complaint, plaintiff alleges causes of action pursuant to Title VII, 42 U.S.C. § 2000e-2, and Section 1981, 42 U.S.C. § 1981, for racial discrimination with regard to harassment, termination, and benefits. He alleges:

> Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et

---

[2]Williams alleges that Ogihara had two black managers. (Doc. 1 ¶ 9.) However, he contends in his Opposition, "On or about August 24, 2008, plaintiff and the other black ***managers*** were told that they were fired . . . ." (*Id*. ¶ 15.) For purposes of this decision, the court assumes that the reference to "managers" in paragraph 15 of the Complaint should be "manager."

3

seq. Plaintiff timely filed this action within ninety days of receipt of his notice of right to sue under Title VII, and within the four year statute of limitation set forth under 42 U.S.C. § 1981."[3]

(Doc. 1 ¶ 4 [footnote added].) Williams did not specify in his Complaint that he had filed an EEOC Charge against Ogihara. (*See id.*)

Patrick Casady, Ogihara's Executive Manager of Human Resources, testified that he is the person responsible for receiving EEOC Charges filed against Ogihara. (Doc. 5-2 ¶ 3.) He also testified that he never received or was otherwise notified that plaintiff had filed an EEOC Charge against Ogihara. (*Id.* ¶ 4.) As a result, Ogihara argues that plaintiff never named it in an EEOC Charge. (Doc. 5 at 2, 4.)

In Opposition to Ogihara's Motion to Dismiss/Motion for Summary Judgment, Williams filed his EEOC Charge. (Doc. 10, Att.) The Charge, which names only Kamtek as Respondent and limits the date of discrimination to August 22, 2008, states:

> I am a Black male who was employed by the predecessor of the employer named above. . . . I was placed under a 90 day probationary period which was to end on August 31, 2008. On August 22, 2008, I was discharged from my position of safety specialist. I was one of two Black managers discharged on

---

[3]Contrary to Williams's assertion, Section 1981 does not contain a statute of limitation. *See* 42 U.S.C. § 1981. The Supreme Court has held that Section 1981 claims that were made possible by the Civil Rights Act of 1991 have a statute of limitations of four years pursuant to 28 U.S.C. § 1658. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). Section 1981 claims that were actionable before December 1, 1990, *see Patterson v. McLean Credit Union*, 491 U.S. 164, 176-77 (1989)(limiting § 1981 to acts of discrimination that impair the right to make and enforce contracts), have a two-year statute of limitations. *See Price v. M & H Valve Co.*, 177 Fed. Appx. 1, 10, 2006 WL 897231, *6-*7 (11th Cir. 2006)(unpublished).

> this date. I was replaced by a White male. Currently all managers at the site are White employees.
>
> I was not given a reason for my discharge.
>
> I believe that I was discriminated against in violation of Title VII . . . because of my race.

(*Id*.)

### III. DISCUSSION

Ogihara contends that Williams's Title VII claims against it are due to be dismissed because he did not name Ogihara as a Respondent in his EEOC Charge. The law of this circuit is well settled:

> Generally speaking, the EEOC is charged with the task of investigating allegations of civil discrimination and harassment in the employment context and determining whether there is any reason to believe the allegations are true. Under 42 U.S.C. § 2000e-5, a person who wants to file a lawsuit under Title VII must first file a charge with the Equal Employment Opportunity Commission alleging a Title VII violation and exhaust all remedies provided by the EEOC. If the conciliation efforts are unsuccessful, the EEOC will inform the parties and issue a letter authorizing the complainant to file a Title VII suit.
>
> Ordinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action. *Schnellbaecher v. Baskin Clothing Co*., 887 F.2d 124, 126 (7th Cir. 1989). This naming requirement serves to notify the charged party of the allegations and allows the party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII. *Id*. at 127. However, courts liberally construe this requirement. *Alvarado v. Board of Trustees*, 848 F.2d 457, 460 (4th Cir. 1988); *Terrell v. United States Pipe & Foundry Co*., 644 F.2d 1112, 1123 (5th Cir. Unit B 1981), *cert. denied*, 456 U.S. 972, 102 S. Ct. 2234, 72 L. Ed. 2d 845 (1982). Where the purposes of the Act are fulfilled, a party unnamed in the EEOC charge may be subjected to the jurisdiction of federal courts. *Eggleston v. Chicago Journeymen Plumbers'*

5

*Local 130*, 657 F.2d 890, 905 (7th Cir. 1981), *cert. denied*, 455 U.S. 1017, 102 S. Ct. 1710, 72 L. Ed. 2d 134 (1982).

> In order to determine whether the purposes of Title VII are met, courts do not apply a rigid test but instead look to several factors including: (1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings. *Id.* at 906-07; *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977). Other factors may be relevant depending on the specific facts of the case.

*Virgo v. Riviera Beach Associates, Ltd.*, 30 F.3d 1350, 1358-59 (11th Cir. 1994). The court finds that these factors favor dismissing the Title VII claims against Ogihara.

Nothing in the record demonstrates that Ogihara and Kamtek had a working relationship. Indeed, the only connection between the two defendants appears to be the sale of the plant where Williams worked, and nothing in the record implies that sale was a less-than-arm's-length transaction. Thus, the record contains no evidence of a "similarity of interest between [Kamtek] and [Ogihara]." *Virgo*, 30 F.3d at 1359.

Williams worked for Ogihara for four to five years before Kamtek began operating the Birmingham plant. Also, he named Ogihara in his Complaint. The court finds Williams cannot show that he was unable to "ascertain[ ] [Ogihara's] identity . . . at the time [he filed] the EEOC charge." *Id.*

Casady testified:

> At no time have I received or been notified of an EEOC Charge filed by Mr. Williams against Ogihara. At no time has the EEOC contacted me or anyone else working in Human Resources about any EEOC Charge filed by Mr. Williams against Ogihara. At no time have I investigated, or directed someone to investigate, any allegations by Mr. Williams because we have never been made aware of any such allegations. Ogihara never submitted any response to the EEOC because it was never made aware of a Charge and never asked for information.

(Doc. 5-2 ¶ 4.) Williams has not submitted any evidence to rebut this showing. Therefore, the court finds, as a matter of undisputed fact, that Ogihara did not receive notice of plaintiff's EEOC Charge, and that it did not have an opportunity to participate in the EEOC's reconciliation process.

Ogihara contends, "Allowing plaintiff to pursue his Title VII claims against Ogihara would severely prejudice [it] because the notice and conciliation purposes of the Act were not satisfied." (Doc. 5 at 6.) The court finds prejudice to either party is questionable given the fact that plaintiff may pursue his race discrimination claims against Ogihara under 42 U.S.C. § 1981. Therefore, this factor is not dispositive of defendant's Motion.

Nevertheless, considering the *Virgo* factors, the court finds that the Title VII claims against Ogihara are due to be dismissed based on Williams's failure to file an EEOC Charge naming Ogihara as Respondent.[4] Ogihara's Motion to Dismiss/Motion for Summary

---

[4]The court also notes that the allegations in the EEOC charge are limited to Williams's termination. Therefore, even if this court excused Williams's failure to name Ogihara as a Respondent, his Title VII claims against this defendant would be dismissed because the Charge contains no claim against Ogihara and such claims are not like or related to his termination claim against Kamtek. *See Green v. Elixir Industries, Inc.*, 152 Fed. Appx. 838, 840-41 (11th Cir. 2005)(unpublished); *Gregory v. Georgia Dept. of Human Resources*, 355

Judgment is due to be granted and plaintiff's Title VII claims against Ogihara are due to be dismissed.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that there are no material facts in dispute and defendant Ogihara is entitled to judgment as a matter of law as to plaintiff's Title VII claims against it.  An Order granting Ogihara's Motion to Dismiss/Motion for Summary Judgment, (doc. 5), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 9th day of November, 2009.

*Sharon Lovelace Blackburn*
_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

F.3d 1277, 1280 (11th Cir. 2004).